BANK OF LOUISIANA *v.* JOHN P. HUDSON et als.

A defendant who has allowed a judgment by default to be made final against him, is incompetent to testify upon the trial of the case as to his co-defendant, who has answered, he being interested in the question of costs.

APPEAL from the District Court of the Parish of St. Landry, *Martel, J.*
*J. E. King,* for plaintiff and appellant, *Lewis & Porter,* for defendant.

MERRICK, C. J.　This suit is brought against *John P. Hudson,* as drawer, and *Thomas C. Anderson* and *Thomas M. Anderson* (composing the late firm of *Thomas C. Anderson & Co.,*) as acceptors of a bill of exchange held by the plaintiff.　*John P. Hudson* answered plaintiff's petition.　The other two defendants suffered judgment by default to be made final against them.

After the judgment against the two *Andersons* had acquired the force of the thing adjudged, the case was brought on for trial as to *Hudson,* and *Thomas C. Anderson* was offered as a witness by the plaintiff to prove that *Hudson* had no funds in the hands of the drawers and acceptors at the maturity or before, to pay the same, and that he had no engagements or transactions with them to justify him in believing that the same would be paid by them at maturity.　The testimony was objected to on the ground that the witness was a party to the suit and directly interested to testify in favor of plaintiff.　The objection having been sustained, and the plaintiff having excepted, the present appeal is taken mainly to test the correctness of the ruling of the District Judge in this particular.

The District Judge does not appear to us to have erred in excluding the testimony of the witness.　He was interested in the question of costs, and by giving the plaintiff another debtor *in solido* for the costs, he diminished the amount which he and his partner might ultimately 'be compelled to pay.　The question might have been materially different had a separate suit been commenced against the defendant, *Hudson,* who, under the commercial law, would have had no recourse against his acceptors for the costs.　See *Buckner & Stanton* v. *Watt,* 19 L. R. 215.

The draft sued on was payable at the house of *W. S. Donnell,* in New Orleans. This fact did not of itself release the holder from his obligation to make a demand at the proper place, and give notice of the dishonor to the *drawer* or *indorser.*

The answer is a general denial, and the burden of proof was upon the plaintiff to show circumstances rendering the drawer liable.

According to the view we take of this case, the judgment ought to have been one of nonsuit, and not a final judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be amended so as to read in favor of the defendant as in case of *nonsuit,* and that the same so amended be affirmed, the defendant, *John P. Hudson,* paying the costs of the appeal.